UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

FILED by _____ D.C.

NOV 10 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

DONNA GORDON, on behalf of herself
and all other similarly situated,

    Plaintiff,

vs.

SEISINT, INC.,

    Defendant.

_____/

03-81035

CIV.-DIMITROULEAS

MAGISTRATE JUDGE
SELTZER

## COMPLAINT

1. Plaintiff, DONNA GORDON, (hereinafter referred to as "Plaintiff"), is a former employee of Defendants, SEISINT, INC., (hereinafter referred to as "Defendant"), and brings this action on behalf of herself and all other employees and former employees of Defendant similarly situated to her for compensation and other relief under the Fair Labor Standards Act as amended, 29 U.S.C. § 216(b). Plaintiff is a citizen and resident of Palm Beach County, Florida and within the jurisdiction of this Honorable Court.

2. Defendant, SEISINT, INC., owns and operates numerous businesses in Palm Beach County, Florida and within the jurisdiction of this Honorable Court.

3. This action is brought to recover from Defendant unpaid overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 201 et seq., and specifically under the provisions of Title 29 U.S.C. § 216(b) (the "Act").

4. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). Defendant is, and at all times pertinent to this Complaint was, engaged in



interstate commerce. At all times pertinent to this Complaint, Defendant, SEISINT, INC, regularly operates numerous businesses. Based upon information and belief the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

5. By reason of the foregoing, Defendant was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in § 3(r) and § 3(s) of the Act, 29 U.S.C. §203(r) and §203(s).

6. The additional persons who may become Plaintiffs in this action are other weekly paid employees and/or former employees of the Defendant who are and who were subject to the payroll practices and procedures described in Paragraphs 9 and 10 below and who were not paid time and one-half of their regular rate of pay for all overtime hours worked beginning on or after November 5, 2001.

7. At all times pertinent to this Complaint Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and DOL Regulation 29 C.F.R. §§ 516.2 and 516.4 in that Plaintiff and those similarly situated to Plaintiff performed services for Defendant for which no provision was made by the Defendant to properly pay Plaintiff for those hours.

8. From November 5, 2001 through present, Plaintiff, DONNA GORDON, was employed by Defendant. By reason of such employment, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff herself was engaged in commerce. The work performed by Plaintiff was directly essential to the Defendant, SEISINT, INC., in interstate commerce, which was directly essential to the business performed by Defendant.

9. Plaintiff's employment with Defendant provided for compensation on a bi-weekly basis. Plaintiff was not paid time and one-half of her regular rate of pay for all hours worked in

excess of forty (40) during a work week.

10.     In the course of employment with Defendant, Plaintiff and all other similarly situated employees, worked the number of hours required of them but was not paid time and one-half of her regular rate of pay for all hours worked in excess of forty (40) during a work week.

11.     The records, if any, concerning the number of hours actually worked by Plaintiff and the compensation actually paid to her are in the possession, custody and control of Defendant.

## COUNT 1
## RECOVERY OF OVERTIME COMPENSATION
## SEISINT, INC.

Plaintiff readopts and realleges all allegations all allegations contained in Paragraphs 1 through 11 above.

12.     Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per work week.

13.     By reason of the said intentional, willful and unlawful acts of Defendant, SEISINT, INC., Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

14.     As a result of Defendant's willful violation of the Act, all Plaintiff's are entitled to liquidated damages in an equal amount to that set forth in Paragraph 12 above.

15.     Plaintiff demands trial by jury.

**WHEREFORE**, for work weeks beginning on or after November 5, 2001, Plaintiff and those similarly situated demands judgment against Defendant, SEISINT, INC., for the wages and overtime payments due them for the hours worked by them for which they have not been

properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

**DATED THIS** 6 day of November, 2003

Respectfully submitted,

JOSEPH M. MAUS, P.A.
CHARLES H. BECHERT, III, P.A.
Counsel for Plaintiff
750 East Sample Road
Building #2, Suite 102
Pompano Beach, Florida 33064
Tel:   (954) 784-6310
Fax:   (954) 784-6313 - FAX

By: _____
Joseph M. Maus, Esq.
Florida Bar No. 983373

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DONNA GORDON, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

SEISINT, INC.,

    Defendant,
_____/

## CONSENT TO FILE ACTION

DONNA GORDON, by and through undersigned counsel and pursuant to 29 U.S.C.A. § 216 (b), the Fair Labor Standards Act, hereby gives his consent to become a party Plaintiff to the subject action.

DATED THIS 30 day of October, 2003.

Respectfully submitted,

DONNA GORDON

By: /s/ Donna Gordon
Donna Gordon

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED by _____ D.C.

NOV 10 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. • W.P.B.

**I. (a) PLAINTIFFS**
Donna Gordon, on behalf of herself and all others similarly situated,

**DEFENDANTS**
Seisint, Inc.

03-81035

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

CIV-DIMITROULEAS

MAGISTRATE JUDGE
SELTZER

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Maus + Bechert, P.A. 750 East Sample Rd. Bldg 2 Suite 102 & 103, Pompano Bch, FL 33064
954-784-1010 or 954-941-8363

ATTORNEYS (IF KNOWN)
03CV81035 WPD/BSS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 791 Empl Ret Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

LENGTH OF TRIAL via 3-4 days estimated (for both sides to try entire case): 29 U.S.C. § 216(b) - overtime wage claim

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY      JUDGE _____ DOCKET NUMBER _____

DATE: 11/6/03
SIGNATURE OF ATTORNEY OF RECORD: _____

FOR OFFICE USE ONLY
RECEIPT # 719387   AMOUNT 150.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____